1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ALPHEOUS E. GORDON,                    CASE NO. 1:11-cv-00216-SKO PC

10               Plaintiff,              ORDER TO SHOW CAUSE WHY
                                         PLAINTIFF'S APPLICATION TO PROCEED
11      v.                               IN FORMA PAUPERIS SHOULD NOT BE
                                         DENIED
12  FRESNO COUNTY JAIL, et al.,
                                         SHOW CAUSE RESPONSE DUE WITHIN 30
13               Defendants.             DAYS
    _____/

14

15        Plaintiff Alpheous E. Gordon ("Plaintiff") is a prisoner proceeding pro se in this civil rights

16  action pursuant to 42 U.S.C. § 1983.  On February 8, 2011, Plaintiff filed a motion requesting

17  permission to proceed in forma pauperis in this action.  (Doc. #2.)  For the reasons set forth below,

18  the Court will order Plaintiff to show cause why his application to proceed in forma pauperis should

19  not be denied.

20        "Plaintiffs normally must pay $350 to file a civil complaint in federal district court . . . but

21  28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to

22  afford it, by granting [in forma pauperis] status."  Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th

23  Cir. 2007).  Under Section 1915(a)(1):

24             any court of the United States may authorize the commencement,
               prosecution or defense of any suit, action or proceeding, civil or
25             criminal, or appeal therein, without prepayment of fees or security
               therefor, by a person who submits an affidavit that includes a
26             statement of all assets such prisoner possesses that the person is
               unable to pay such fees or give security therefor.
27

28  28 U.S.C. § 1915(a)(1).

1

However, a prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This limitation is commonly known as the "three strikes" rule.  See Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted.'" Id. at 1121.  However, "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id.

A court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal citations and quotations omitted).  The Court takes judicial notice of the following civil actions filed by Plaintiff in this district and dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted: (1) Gordon v. Fresno County Jail, No. 1:07-cv-01480-OWW-MJS (dismissed on September 23, 2009 for failure to state a claim); (2) Owen[1] v. Fresno County Jail, No. 1:07-cv-01555-LJO-GSA (dismissed on June 9, 2009 for failure to state a claim); and (3) Gordon v. P.S.I., No. 1:09-cv-00228-OWW (dismissed on February 11, 2009, as frivolous).

Further, the Court finds that Plaintiff does not qualify for the imminent danger exception under 28 U.S.C. § 1915(g).  "Prisoners qualify for the [imminent danger] exception based on the alleged conditions at the time the complaint was filed.  And qualifying prisoners can file their entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." Andrews v. Cervantes, 493 F.3d at 1052.  "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at

_____

[1]Plaintiff's filings with the Court indicate that the is also known as Orville Owen.

2

1    the time of filing." Id. at 1055. "[A] prisoner who alleges that prison officials continue with a

2    practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger'

3    standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57.

4            Plaintiff's complaint does not indicate that Plaintiff was in imminent danger of serious

5    physical injury at the time he filed his complaint.  Plaintiff's claims are raised against officials at

6    Fresno County Jail, whereas Plaintiff is currently incarcerated at the U.S. Penitentiary in Florence,

7    Colorado.  Plaintiff claims that certain officials destroyed his documents and property.  Plaintiff has

8    not described any imminent danger of serious physical injury.

9            The Court has identified three cases filed in this district that may count as strikes pursuant

10   to Section 1915(g).  Plaintiff's complaint does not allege that Plaintiff was in imminent danger of

11   serious physical injury at the time he filed his complaint.  The Court will order Plaintiff to show

12   cause why these cases should not count as strikes.

13           Based on the foregoing, Plaintiff is HEREBY ORDERED to SHOW CAUSE within thirty

14   (30) days of the date of service of this order why his application to proceed in forma pauperis should

15   not be denied.

16

17   IT IS SO ORDERED.

18   **Dated:   February 15, 2011**                    **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28